The Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Savitski v. L'Oréal USA, Inc., et al.*, No. 1:26-cv-04096-JGK

Dear Judge Koeltl:

   Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., and Wella Operations US LLC (collectively, "Defendants") respectfully submit this letter pursuant to the Court's Individual Practices to request a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff's Complaint in its entirety. Defendants intend to move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on three grounds: (i) lack of personal jurisdiction over Wella Operations US LLC; (ii) Counts I–V are untimely under Pennsylvania law pursuant to CPLR 202; and (iii) failure to state a claim.

## I. Plaintiff's Allegations

   Plaintiff resides in Pennsylvania. Compl. ¶ 1. She alleges that she worked as a cosmetologist and was exposed to hair dye products while residing and working in Pennsylvania from approximately 1980 through 2022. *Id.* ¶¶ 2, 20–23. She further alleges that she was diagnosed with bladder cancer "in July of 2023," as a result of that exposure. *Id.* ¶ 24. Plaintiff alleges that she used Matrix So Color, Redken Shades EQ, and Wella Color Charm hair dye product lines during the relevant period. *Id.* ¶¶ 15–16, 34. She further alleges that her use of those products exposed her to 4-Aminobiphenyl and Ortho-Toluidine, which allegedly caused her bladder cancer. *Id.* ¶ 49.

## II. Summary of Argument

### A. Defendants Intend to Move to Dismiss for Lack of Personal Jurisdiction

   Wella Operations US LLC ("Wella") intends to move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). First, the Complaint does not establish general jurisdiction over Wella. A corporate defendant is subject to general jurisdiction where it is "'essentially at home'" in the state, which is typically limited to the corporation's place of incorporation and principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business") (citation omitted).

   The Complaint does not allege that Wella is incorporated in New York or maintains a principal place of business there. *See* Compl. ¶ 12. Nor does it suggest this is an "exceptional case" where Wella is "essentially at home" in a forum where it is not headquartered or incorporated. Plaintiff's vague allegations that "Defendants" sell products in New York (*id.* ¶¶ 19, 31) are insufficient to confer general jurisdiction. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d

The Hon. John G. Koeltl
June 5, 2026
Page 2

283, 290 (S.D.N.Y. 2015) (product sales in New York insufficient for general jurisdiction) (citing *Daimler*, 571 U.S. at 139 n.19). Allegations that these defendants maintain an office or designate an agent for service of process in New York (Compl. ¶ 12) are also insufficient. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499–500 (2d Cir. 2020).

The Complaint also fails to establish specific jurisdiction, which requires that the plaintiff's claims "arise out of or relate to" the defendant's forum contacts. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 272 (2017). Here, Plaintiff alleges that she is a Pennsylvania resident and that her alleged exposure occurred while working and residing in Pennsylvania, but she does not plead any facts connecting her claims to conduct in New York. Her allegation that Defendants' products are "pervasively manufactured and used in New York" (Compl. ¶ 91) does not establish any nexus to her alleged injuries in Pennsylvania. *See Sabol v. Bayer Healthcare Pharm.*, 439 F. Supp. 3d 131, 143 (S.D.N.Y. 2020). Because her claims arise entirely from out-of-state conduct, specific jurisdiction is lacking.

### B.    Defendants Intend to Move to Dismiss Counts I–V As Untimely

Defendants intend to move to dismiss Counts I–V as untimely under Pennsylvania law, which applies pursuant to New York's borrowing statute, CPLR 202. Where, as here, "'a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.'" *IKB Deutsche Industriebank AG v. McGraw Hill Fin., Inc.*, 634 Fed. App'x 19, 21 (2d Cir. 2015) (quoting *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999)). Here, Plaintiff alleges she is a Pennsylvania resident, and the Complaint indicates her claims accrued in Pennsylvania. *See* Compl. ¶¶ 1, 23. Accordingly, Plaintiff's claims must be timely under both New York and Pennsylvania law. Counts I–V are untimely under Pennsylvania law.

Plaintiff's strict liability, negligence, fraud, and fraudulent concealment claims (Counts I–V) are untimely under Pennsylvania's two-year statute of limitations. *See* 42 Pa. C.S. § 5524(2), (7). Plaintiff alleges that she was diagnosed with bladder cancer in July 2023, yet did not commence this action until May 2026—well beyond Pennsylvania's two-year limitations period. Compl. ¶ 24. Pennsylvania applies a "narrow" discovery rule that tolls limitations only where, despite the exercise of reasonable diligence, a plaintiff could not discover her injury and its cause. *Blanyar v. Genova Prods., Inc.*, 861 F.3d 426, 431–33 (3d Cir. 2017). Here, Plaintiff was on inquiry notice no later than her diagnosis, which triggered a duty to investigate the cause of her injury. Yet the Complaint alleges no facts suggesting that she undertook any such investigation. Moreover, the Complaint itself cites decades of publicly available studies and medical literature allegedly linking hair dye exposure to bladder cancer. Compl. ¶¶ 57–65. As in *Blanyar*, those allegations foreclose any claim that Plaintiff could not, through reasonable diligence, have investigated the cause of her injury. *See* 861 F.3d at 428, 432–33 (holding discovery rule did not save plaintiff's untimely claims where information concerning the alleged risks had been "widely available for decades.").

Nor does Plaintiff plausibly allege tolling through fraudulent concealment or equitable estoppel. Pennsylvania requires an "independent affirmative act of concealment," pled with

The Hon. John G. Koeltl
June 5, 2026
Page 3

particularity, that caused "the plaintiff to relax his vigilance or deviate from his right of inquiry[.]" *Arndt v. Johnson & Johnson*, 67 F. Supp. 3d 673, 678–80 (E.D. Pa. 2014). Here, Plaintiff does not identify any specific misrepresentation, omission, advertisement, warning, label, communication, speaker, or date. Instead, she relies on generalized allegations that "Defendants" misrepresented the safety of the "PRODUCTS" and concealed unspecified risks, but pleads no independent affirmative act of concealment, no facts demonstrating reasonable diligence, and no facts demonstrating reasonable reliance. *See* Compl. ¶¶ 76–91. Thus, Plaintiff fails to plausibly allege tolling.

### C.    The Complaint Fails to State a Claim Under Federal Pleading Standards

Finally, Defendants intend to move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

*First*, Plaintiff's product liability claims (Counts I–III) fail because she does not plausibly allege that any particular Defendant's product contained a chemical that allegedly caused her bladder cancer. *Id.* ¶ 49. To state a plausible product liability claim, a plaintiff must allege a specific product exposed her to a toxin. *See Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009); *Edwards v. Dow Ctr.*, 2024 WL 3718659, at *3 (E.D.N.Y. Aug. 7, 2024). Here, although Plaintiff alleges that Defendants' products "contained carcinogenic compounds, including…4-Aminobiphenyl and Ortho-Toluidine," (Compl. ¶ 49), she pleads no facts supporting that conclusory assertion or showing that any alleged product she used contained either chemical during the relevant period.

*Second*, the Complaint relies on impermissible group pleading, asserting all substantive allegations against "Defendants" collectively. Such allegations "are routinely rejected by courts as insufficient to state a claim as to any particular defendant." *Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 392 (S.D.N.Y. 2024). This defect is particularly fatal to Plaintiff's fraud claims (Counts IV and V), which must satisfy Rule 9(b)'s heightened pleading standard. *See Negrete v. Citibank, N.A.*, 237 F. Supp. 3d 112, 122–23 (S.D.N.Y. 2017).

*Third*, Plaintiff fails to plead her fraud claims with particularity pursuant to Rule 9(b), which requires her to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). The Complaint does none of this. It identifies no specific fraudulent statements and instead relies on conclusory, undifferentiated allegations that "Defendants" misrepresented the safety of the "PRODUCTS," often "upon information and belief." Compl. ¶¶ 76–88, 120–26.

*Fourth*, Plaintiff's GBL §§ 349 and 350 claim (Count VI) fails for multiple reasons. Most critically, Count VI fails because the statutes apply only to deceptive transactions in New York, and Plaintiff does not allege that she purchased, used, or was exposed to any product in New York. *See Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. App'x 5, 9–10 (2d Cir. 2012).

Respectfully submitted,

The Hon. John G. Koeltl
June 5, 2026
Page 4

**VENABLE LLP**

Tara L. Pehush
Alexandra E. Deitz
151 West 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
TLPehush@Venable.com
AEDeitz@Venable.com

*Attorneys for Defendant*
*Wella Operations US LLC*

**DLA PIPER LLP (US)**

Cara D. Edwards
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4714
cara.edwards@us.dlapiper.com

*Attorneys for Defendants L'Oréal USA, Inc.*
*and L'Oréal USA Products, Inc.*

cc:    All counsel via ECF